

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2010

# Devon Park Bioventures v. Sebastian Holdings

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Devon Park Bioventures v. Sebastian Holdings" (2010). *2010 Decisions.* Paper 252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1093, 10-1297
_____

DEVON PARK BIOVENTURES, L.P.

v.

SEBASTIAN HOLDINGS, INC.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-09-CV-04085)
District Judge: Hon. Paul S. Diamond

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, November 8, 2010

Before: McKEE, Chief Circuit Judge, SLOVITER
and COWEN, Circuit Judges

_____

(filed:  November 16, 2010 )


McKEE, Chief Judge.

Sebastian Holdings, Inc. appeals the district court's orders affirming the arbitration

awards dated July 7, 2009 and August 26, 2009, denying Sebastian Holdings's cross-

1

motion to vacate the arbitration awards, and granting the motion of Devon Park Bioventures, L.P. to Direct Entry of Judgment. We affirm.

Because we write primarily for the parties, we need not repeat the facts or procedural history of this case, which the district court has previously set forth. Order Granting Mot. To Confirm Arbitration Award, 1-4, Dec. 3, 2009. Sebastian Holdings argues that the district court erred in affirming the arbitration awards because the arbitrator's decision was unsupported by the plain language of the contract and because the arbitrator ignored that Benoit Jamar had no authority to act on behalf of Sebastian Holdings.

In his detailed order, Judge Diamond thoughtfully and thoroughly explained his reasons for affirming the arbitrator's decision. *See* Order Granting Mot. To Confirm Arbitration Award, 4-9, Dec. 3, 2009. The district court's Order sufficiently analyzes the relevant law and applies it to the facts of this case. We can add little to the judge's thoughtful analysis or conclusions.

Accordingly, we will affirm the district court's Orders substantially for the reasons set for in those Orders without further elaboration.